Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50356 | **DATE** | 8/16/2001 |
| **CASE TITLE** | Raymond J. Gaudreau vs. Trans Union | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Trans Union's motion for judgment on the pleadings is granted. Gaudreau's motion to strike Trans Union's reply brief is denied. This cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | AUG 17 2001 | 29 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | 01 AUG 16 PM 4:10 FILED-WD | 8-17-01 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

```
                                                    DOCKETED
         THE UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS
                 WESTERN DIVISION              AUG 17 2001
```

RAYMOND J. GAUDREAU,           )
                               )
         Plaintiff,            )    No. 00 C 50356
                               )
    v.                         )
                               )                FILED
TRANS UNION,                   )
                               )              AUG 17 2001
         Defendant.            )
                                           MICHAEL W. DOBBINS, CLERK
         MEMORANDUM OPINION AND ORDER      UNITED STATES DISTRICT COURT

### I. Introduction

Plaintiff Raymond Gaudreau, acting pro se, has filed a one-count complaint against Trans Union pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.. The court has jurisdiction pursuant to 15 U.S.C. § 1681p, and venue is proper in this district and division. See 28 U.S.C. § 1391. Currently pending before the court is Trans Union's motion for judgment on the pleadings, filed pursuant to Fed.R.Civ.P. 12(c).

### II. Preliminary Matters

Trans Union has attached court documents to its Rule 12(c) motion and argues this court can take judicial notice of such matters of public record without converting its motion into one for summary judgment. Trans Union's recitation of the law is correct. See Henson v. CSC Credit Serv., 29 F.3d 280, 284 (7th Cir. 1994). As the following discussion will show, the court could also treat Trans Union's motion as raising the issue of the court's subject matter jurisdiction, making Rule 12(b)(1) the

proper vehicle. In either case, the court will take judicial notice of the court documents attached to Trans Union's motion without converting it into one for summary judgment.

### III. Facts

Gaudreau alleges Trans Union is a licensed consumer credit bureau. (Compl. ¶ 6) On or about February 11, 2000, he received a credit report containing items alleging debts he did not believe legitimately existed. (Id. ¶ 7) By letter dated February 18, 2000, he told Trans Union that certain items appearing on his credit report appeared to be erroneous, and requested that they be verified within thirty days or removed. (Id. ¶ 8) In an unsigned letter dated March 3, 2000, Trans Union stated that the disputed items were "verified as accurate," but provided no other documentation or verification. (Id. ¶ 9) Gaudreau responded in writing, stating that Trans Union's verification was inadequate and did not comply with the FCRA. (Id. ¶ 10) Trans Union again sent Gaudreau a letter explaining that its records showed the disputed items had been previously investigated and were found to be accurately reported. (Compl. Exh. 4) The letter also explained how Gaudreau could add a consumer statement to his credit file, setting forth the nature of his dispute. (Id.) Gaudreau alleges Trans Union is in violation of § 1691i of the FCRA due to its failure to "substantially verify" the disputed items within thirty days and

2

its subsequent refusal to remove those items from his credit report. (Compl. ¶ 12)

## IV. Analysis

Resolution of the case is appropriate only if it appears beyond doubt that Gaudreau cannot prove any facts that would support his claim for relief. See Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). The complaint may not be dismissed unless it is impossible to prevail under any set of facts that could prove consistent with the allegations. Id.

It is clear Gaudreau's claim centers on Trans Union's alleged failure to adequately verify the debts at issue. He is **not** alleging that Trans Union breached its duty to reinvestigate because it failed to go beyond the court documents to determine whether the source was unreliable. Compare with Henson, 29 F.3d at 287 (whether a credit agency has a duty to go beyond the original source, such as a Judgment Docket, will depend on whether the consumer has alerted the agency to the possibility that the source may be unreliable or the agency knew or should have known of any unreliability). He is **not** alleging that adequate documentation is lacking to support Trans Union's credit report.

In fact, the court documents supplied to this court support the existence of the three federal tax liens and bankruptcy which appear on Gaudreau's credit report. (Def. Exhs. C-G) Gaudreau

3

has produced nothing contesting the accuracy of the credit report. Thus, the court finds Trans Union's credit report is accurate. This leads to the next, and final, step of the analysis. Because the credit report is accurate, Gaudreau has not suffered any injury and, therefore, has no standing to sue under the FCRA. See Crabill v. Trans Union, LLC, No. 00-2078, ___ F.3d ___, 2001 WL 856573, at *2-3 (7th Cir. July 30, 2001) (without a causal relationship between a violation of the FCRA and the loss of credit, plaintiff did not suffer any injury, resulting in a lack of standing under Article III); see generally Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 771 (2000) (plaintiff must meet three requirements to establish Article III standing, one of which is injury in fact).

This is implicit within FCRA's statutory scheme. A claim under § 1681i is properly raised only when a credit report contains a factual deficiency or error that could have been remedied by reinvestigation. Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991); see also Williams v. Colonial Bank, 826 F. Supp. 415, 418 (M.D. Ala. 1993) (no duty to reinvestigate because no factual deficiencies in credit report), aff'd, 29 F.3d 641 (11th Cir. 1994) (unpublished). When there have been no inaccuracies reported in a consumer file, there is no need for any additional investigation. Cahlin, 936 F.2d at 1160. The legislative purpose behind the FCRA was to protect

consumers from inaccurate or arbitrary information in a credit report that is used in a myriad of ways. 15 U.S.C. § 1681; Pinner v. Schmidt, 805 F.2d 1258, 1261 (5th Cir. 1986), cert. denied, 483 U.S. 1022 (1987). Gaudreau's claim uses the statute as a sword, not a shield, which flies in the face of its legislative purpose.

### V. Conclusion

For the reasons stated above, Trans Union's motion for judgment on the pleadings is granted. Trans Union's request for costs is denied. Gaudreau's motion to strike Trans Union's reply brief is also denied. Its brief was properly responsive to his response brief. Gaudreau's request for sanctions under Rule 11 is also denied. This cause is hereby dismissed in its entirety.

ENTER:

_____
**PHILIP G. REINHARD, JUDGE**
**UNITED STATES DISTRICT COURT**

DATED: August 16, 2001

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

DOCKETED
AUG 17 2001

Raymond J. Gaudreau

v.

Trans Union

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 50356

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Trans Union's motion for judgment on the pleadings is granted. Gaudreau's motion to strike Trans Unions's reply brief is denied. This cause is hereby dismissed in its entirety.

All prior orders in this case are now final and appealable.

FILED-WD
01 AUG 16 PM 4:10
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 8/16/2001

Susan M. Wessman, Deputy Clerk